# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| Gracie White, both individually and as Personal Representative of the Estate of Elijah White | ) ) ) ) | |
| Plaintiff, | ) ) | Case No.: 2:12-cv-0077-PMD |
| v. | ) ) ) | **ORDER** |
| United States of America | ) ) ) | |
| Defendants. | ) ) | |

This matter is before the Court upon two motions to dismiss filed by the United States of America ("Defendant"): (1) Defendant's motion to dismiss Plaintiff's survival action claim pursuant to Fed. R. Civ. P. 12(b)(1), and (2) Defendant's motion to dismiss the loss of consortium cause of action and to dismiss Gracie White as an individual plaintiff pursuant to Fed. R. Civ. P. 12(b) (1) & (6). After considering the Complaint and supporting legal memoranda, the Court grants Defendant's motion to dismiss Plaintiff's survival action claim and denies Defendant's motion to dismiss the loss of consortium cause of action and to dismiss Gracie White as an individual plaintiff.

## BACKGROUND

Plaintiff's Complaint alleges the following facts. In late August 2010, Elijah White was admitted to the Ralph A. Johnson VA Medical Center and placed in intensive care. Michael D. Frye, M.D., assisted by Dr. Thomas, was in charge of his care. On August 29 around 7:30 am, a respiratory therapist named Stanley Greenwald dislodged Mr. White's ET tube. Greenwald was

1

unable to replace the ET tube, and Mr. White became bradycardic and obtunded. When Dr. Fry arrived, he began ventilating Elijah White. White had no pulse and chest compressions where started. White suffered bradycardia and died several days later.

Plaintiff's Complaint alleges three causes of action arising out of the care of her husband received at the VA Hospital in Charleston, S.C. First, Plaintiff alleges that Defendant negligently and recklessly deviated from recognized and generally accepted standards, practices, and procedures of medical care in treating her husband, Elijah White. As part of the first cause of action, Plaintiff seeks recovery for conscious pain and suffering. Second, Plaintiff asserts a cause of action for the wrongful death of her husband. Third, Plaintiff asserts a claim for loss of consortium.

## STANDARD OF REVIEW

### I. Subject Matter Jurisdiction

The plaintiff bears the burden of establishing subject matter jurisdiction on a Rule 12(b)(1) motion challenging the factual basis for subject matter jurisdiction. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.1982). In determining whether jurisdiction exists, the court is to regard the allegations in the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. *Id*

### II. Failure to State a Claim Upon Which Relief May be Granted

"A motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted is a challenge to the legal sufficiency of a complaint." *Federal Trade Comm'n v. Innovative Mktg., Inc.,* 654 F. Supp. 2d 378, 384 (D. Md. 2009). The Supreme Court recently held that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter,

2

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955 (2007)). The Supreme Court noted that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and noted that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 678-79*; see also Harman v. Unisys Corp.,* 356 Fed. Appx. 638, 640 (4th Cir. 2009). The Court added that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. The Court further noted that "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

## ANALYSIS

**I.     Motion to Dismiss the Survival Action Claim**

A plaintiff may not maintain an action against the United States for the negligence of one of its agents "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675. "[T]he requirement of filing an administrative claim is jurisdictional and may not be waived." *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir.1986) (citing *Kielwien v. United States*, 540 F.2d 676, 679 (4th Cir.), *cert. denied*, 429 U.S. 979 (1976). A claim is "presented"—satisfying the requirement of filing an administrative claim—if it gives the government adequate

3

notice to properly investigate the underlying incident and places a "sum certain" on the claim's value. *Ahmed v. United States*, 30 F.3d 514, 516–17 (4th Cir.1994) (citation omitted). 28 C.F.R. § 14.2 explains the procedure:

> (a) For purposes of the provisions of 28 U.S.C. §§ 2401(b), 2672, and 2675, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or death alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.

"[A]s long as the claim and other documentation submitted to the governmental agency provides sufficient notice to enable investigation and settlement, courts have found a technically deficient [form] sufficient to confer jurisdiction upon the court." *Owen v. United States*, 307 F. Supp. 2d 661(E.D. Pa. 2004) (citing *Transco Leasing Corp. v. United States*, 896 F.2d 1435, 1442 (5th Cir. 1990) (holding that noncompliance with C.F.R. §§ 14.1–14.11 does not jurisdictionally bar claims); *Hilburn v. United States*, 789 F. Supp. 338, 343 (D. Haw. 1992) (holding that minimal notice of claim meets the requirements of 28 U.S.C. § 2675(a) despite technical deficiencies in [a form]); *Champagne v. United States*, 573 F. Supp. 488, 491 (E.D. La. 1983) ("technical and procedural requirements of the regulations are not always strictly enforced.")). To be sure, the requirement of filing an administrative claim is jurisdictional, but a technically deficient Standard Form 95 is sufficient to confer jurisdiction if the form and documentation submitted to the governmental agency provides sufficient notice to enable the agency to investigate and settle the claim.

4

### a. Plaintiff's administrative tort claim filed on March 11, 2011

In this case, Plaintiff filed an administrative tort claim on March 11, 2011. The claim was filed on a Standard Form 95. Section 12 of that form deals with the amount of the claim. Section 12 has four blocks labeled as follows: "12a. PROPERTY DAMAGE," "12b. PERSONAL INJURY," "12c. WRONGFUL DEATH," and "12d. TOTAL (Failure to specify may cause forfeiture of your rights.). The block for property damage was marked 0.00, personal injuries was left blank, wrongful death was marked 5,000,000.00, and the total was marked 5,000,000.00. Defendant argues that Plaintiff's survival action claim should be dismissed for lack of jurisdiction because the administrative claim Plaintiff submitted failed to notify the agency that she was asserting a survival action claim and failed to place a "sum certain" on the claim's value.

Plaintiff argues that her survival action claim should not be dismissed because the administrative claim Plaintiff submitted provided sufficient notice to enable the agency to investigate and settle the claim. "[B]ecause wrongful death and survivorship claims are separate and distinct, the plaintiffs must . . . show that the single claim form submitted to the Government gave constructive notice of both causes of action." *Mack v. United States*, No. CIV. JFM 00–2296, 2001 WL 179888, at *4 (D.Md. Feb. 21, 2001) (quoting *Frantz v. United States*, 791 F.Supp. 445, 450 (D. Del. 1992)). For Plaintiff's administrative claim to have been sufficient to put the agency on notice of the survival claim, Plaintiff needed to specify a sum certain as to that claim. The form, as submitted, did not provide any value in the "PERSONAL INJURY" block. This omission prevented the agency from being on notice that such a claim existed. While the underlying facts they investigated as part of the wrongful death claim are most likely essentially

the same as the underlying facts related to the survival cause of action, the agency was still not on notice of the claim because they did not have the opportunity to demine whether they wanted to settle the claim. Because the deficiency is more than a mere technicality, but a substantive omission from the form, the Court lacks jurisdiction over the survival claim.

### b. Plaintiff's administrative tort claim filed on April 9, 2012

Plaintiff has filed an amended Standard Form 95 that Defendant agrees "meets the minimum requirements to establish a claim for both a survival action and a wrongful death action." Def.'s Reply to Pl.'s Mot. to Dismiss Pl.'s Survival Action Claim, 3. Defendant represents that, at the request of the Justice Department, this new administrative claim will be denied within a few days. After the claim is denied, Defendant will consent to Plaintiff filing an amended complaint that is identical to the original except that Paragraph Ten may be altered to identify the original and the amended administrative claim. *See id.* Therefore, the Court grants Plaintiff leave to file an amended complaint consistent with Defendant's consent.

### II. Motion to Dismiss the Loss of Consortium Cause of Action and to Dismiss Gracie White as an Individual Plaintiff

Defendant argues that Plaintiff's loss of consortium claim should be dismissed for failure to state a claim upon which relief can be granted because wrongful death is the exclusive remedy in this case.[1] The loss of consortium statute provides that "[a]ny person may maintain an action for damages arising from an intentional or tortious violation of the right to the companionship, aid, society and services of his or her spouse. Provided, that such action shall not include any

---

[1] Defendant also argues the Court only has subject matter jurisdiction over a Federal Tort Claims Act claim if all six requirements of 28 U.S.C. §1346(b) are met, including the requirement that "a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *See* Def.'s Mot. to Dismiss Loss of Consortium cause of Action, 3 (citing *F.D.I.C. v. Myer*, 510 U.S. 471, 477(1994). This argument, like Defendant's argument that Plaintiff has failed to state a claim upon which relief can be granted, rest upon whether wrongful death is the exclusive remedy in this case. As such, it is not addressed separately.

damages recovered prior thereto by the injured spouse." S.C. Code § 15-75-20. Under South Carolina law "claims for personal injury and loss of consortium are separate and distinct claims, and a ruling on one does not bar, nor entitle, recovery on the other claim." *Burroughs v. Worsham*, 574 S.E.2d 215, 227 (S.C. Ct. App. 2002) (citing *Graham v. Whitaker*, 321 S.E.2d 40 (S.C. 1984); *Page v. Crisp*, 399 S.E.2d 161 (S.C. Ct. App. 1990)); *See also Lee v. Bunch*, 647 S.E.2d 197, 201 (S.C. 2007) ("In South Carolina, claims for personal injuries and for loss of consortium are separate and distinct.") (citations omitted). When those personal injuries result in a wrongful death,[2] the law is unclear as to whether a claim for loss of consortium may be maintained.

Plaintiff argues that just like any other personal injury, a claim for wrongful death is independent of a claim for loss of consortium and she may proceed on both causes of action. She relies on *Burroughs*. In that case, the wife of a deceased cancer patient sued the doctor and the medical practice he co-owned for medical malpractice related to her husband's death. *Id.* at 217. The jury found for the plaintiff on her claims for wrongful death and survival, but not on the loss of consortium claim. *Id.* The court determined that loss of consortium and wrongful death were separate and distinct causes of action. *Id*. at 227. The court highlighted two

---

[2] The wrongful death statute provides the following:

> Whenever the death of a person shall be caused by the wrongful act, neglect or default of another and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, the person who would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, although the death shall have been caused under such circumstances as make the killing in law a felony. In the event of the death of the wrongdoer, such cause of action shall survive against his personal representative.

S.C. Code § 15-51-10.

important differences between the causes of action. "First, the parties benefiting from the actions may be separate and distinct. Only the spouse may bring a loss of consortium claim. However, the spouse, children, parents, or other heirs may be the beneficiaries of the wrongful death award." *Id.* Second, the purpose of the two causes of action are different. The "[loss of consortium] statute establishes that the claim for loss of consortium is to compensate the spouse for 'tortious violation of the right to the companionship, aid, society and services of his or her spouse.'" *Id.* (citing S.C. Code § 15-75-20). "In contrast, a wrongful death claim is to compensate the heirs of a decedent, who, if he had survived, could have brought a personal injury action." *Id.* (citing S.C. Code § 15-51-10). The court reasoned that "as a wrongful death claim is premised on the decedent's ability to have brought a personal injury claim if he had survived," wrongful death actions, like personal injury actions, are separate and distinct from loss of consortium claims. *Id.*

Defendant relies on a district court case that reached the opposite conclusion. In *Green v. Southern Railway Company*, 319 F. Supp. 919, 920 (D.S.C. 1970), the court determined that the decedent's spouse could not recover the loss of services due to the death of her husband because "a complete remedy for the wrongful death already exists by virtue of the Wrongful Death Act."

> The obvious purpose of [the loss of consortium] statute is to extend to the wife the right to recover for loss of companionship, et cetera, of her husband which right existed in favor of the husband only under common law. There is no indication in the statute of an intent to go further than the common law and allow each spouse a right to recover for the wrongful death of the other spouse under this statute as well as under the Wrongful Death Act.

*Id.*

*Green* and *Burroughs* cannot be harmonized and the South Carolina Supreme Court has never explicitly decided the issue. Further complicating the equation, the Supreme Court has favorably

cited to both *Green* and *Burroughs*. *See Banks v. Medical University of South Carolina*, 444 S.E.2d 519, 521 (S.C. 1994) ("[W]e note that as to Banks herself, the wrongful death statute constitutes the exclusive remedy." (citing *Green v. Southern Railway Company*, 319 F.Supp. 919 (D.C.S.C.1970)) and *Lee v. Bunch*, 647 S.E.2d 197, 201-02 (2007) ("[I]t is not inconsistent for the jury to return a verdict for the injured spouse on the primary claim and a verdict for the defendant on the loss of consortium claim.") (citing *Burroughs*, 574 S.E.2d at 227 (S.C. Ct. App. 2002) ("[W]e find this is not sufficient to say that a plaintiff's verdict on wrongful death and a defense verdict on loss of consortium are inconsistent."))).

This Court agrees with Plaintiff that Plaintiff's claims for loss of consortium and wrongful death are separate and distinct. Both the beneficiaries of the causes of action and the purposes of those causes of action are different. Only the spouse may bring a loss of consortium claim, while any heirs to an estate may be the beneficiaries of the wrongful death award. As such, the parties who may benefit from such an award are separate, and deserve compensation for the effect the injury had upon them.[3] Also, claim for loss of consortium compensates the spouse for "tortious violation of the right to the companionship, aid, society and services of his or her spouse," *See* S.C. Code § 15-75-20, but the purpose of a wrongful death claim is to "compensate the heirs of a decedent, who, if he had survived, could have brought a personal injury action." *Burroughs*, 574 S.E.2d at 227 (citing S.C. Code § 15-51-10). Therefore, based upon the reasoning in *Burroughs*, the Court finds that Plaintiff may maintain an action for loss of consortium and an action for wrongful death.

---

[3] It is true that a spouse could potentially be the sole beneficiary of an estate and that the factors to consider for damages in a wrongful death action include loss of consortium. However, the possibility that the facts and damages supporting one cause of action may be a factor in assessing the damages for the other is an insufficient reason to require a spouse to seek his or her recovery for loss of consortium under the framework of a wrongful death action, particularly given the possibility that a spouse may not be the only beneficiary of an estate.

## CONCLUSION

Therefore, for the forgoing reasons, it is **ORDERED** that Defendant's motion to dismiss the loss of consortium cause of action and to dismiss Gracie White as an individual plaintiff is **DENIED** and Defendant's motion to dismiss Plaintiff's survival action claim is **GRANTED**. Additionally, the Court **GRANTS** Plaintiff leave to file an amended complaint consistent with Defendant's consent.

_____
PATRICK MICHAEL DUFFY
United States District Judge

**May 2, 2012**
**Charleston, SC**